### HILL v. LEE.

(Supreme Court, Appellate Division, First Department. April 24, 1896.)

1. MORTGAGE FORECLOSURE—COSTS OF GUARDIAN FOR INFANT DEFENDANT.
   Costs of a guardian ad litem for an infant defendant in a suit to foreclose a mortgage cannot be recovered by him, in a subsequent action against the mortgagee, on the ground that it was adjudged that such costs be paid out of the proceeds of sale, in the absence of an allegation that it was adjudged that the mortgagee should pay them.

2. SAME—LIABILITY OF MORTGAGEE—IMPLIED CONTRACT.
   No implied contract arises, on the part of a mortgagee, to pay the costs of a guardian ad litem for an infant defendant in a foreclosure suit, though the attorney for the mortgagee requested such guardian to file an answer for the infant.

Appeal from special term, New York county.

Action by George Hill against Robert P. Lee, individually and as executor of the last will of Walter N. De Grauw, deceased, for services as guardian ad litem in a former suit. From a judgment dismissing the complaint, plaintiff appeals. Modified.

The complaint alleges, in substance, that one Sarah D. Williams made and executed in 1889, to one De Grauw, a mortgage on real property in the city of Brooklyn, to secure payment of her bond for $1,000; that Mrs. Williams died in 1894, leaving three children, one of whom was Emma H. Williams, an infant; that thereafter an action was begun by De Grauw to foreclose this mortgage, in which said infant, Emma H. Williams, was made a party defendant; that the complaint prayed, among other things, that each of the defendants be barred and foreclosed of all right in and title to the property, and that there be paid to the plaintiff, out of the proceeds of sale, the mortgage debt with interest and costs, and the expenses of sale; that upon the petition of her father, and the present plaintiff's consent, the latter was appointed guardian ad litem of Emma H. Williams on January 15, 1895, and was authorized and directed to appear and defend the action in her behalf; that thereupon he served a notice of appearance for the infant in the action; that on January 18, 1895, the attorney for De Grauw requested Mr. Hill to serve his answer as such guardian, which he accordingly did; that such proceedings

were thereupon had, on notice to Mr. Hill, that the usual judgment of foreclosure and sale was entered, which provided, among other things, for the payment to Mr. Hill, as guardian ad litem, out of the proceeds of sale, of his costs and disbursements, amounting to $66.85; that Mr. Hill's services were rendered by him as guardian ad litem of Emma H. Williams, for the benefit of De Grauw, the plaintiff in the foreclosure action, and upon De Grauw's implied request. It also appeared that De Grauw died pending the foreclosure action, and that it was continued by the present defendant as his executor, and that the property sold for much less than the amount of the mortgage debt,—in fact, that it was bid in by the present defendant for but $50,—and that Mr. Hill has not been paid the sum directed to be paid him by the judgment. There is a further allegation that the referee's report of sale, as filed, included, in the deficiency statement, the amount of Mr. Hill's costs. There is no allegation that any deficiency judgment has been entered. The complaint was demurred to upon the ground that it did not state facts sufficient to constitute a cause of action.

Argued before VAN BRUNT, P. J., and BARRETT, RUMSEY, WILLIAMS, and PATTERSON, JJ.

George Hill, in pro. per.

Theo. F. C. Demarest, for respondent.

BARRETT, J. The complaint avers that it was adjudged in the foreclosure action that the mortgaged premises be sold, and that the costs of the guardian ad litem be paid out of the proceeds of sale. There is no averment that it was adjudged that these costs should be paid by the mortgagee plaintiff. It follows that the present plaintiff, the guardian ad litem in the foreclosure action, cannot recover upon the judgment. Nor can he recover upon an implied promise upon the part of the mortgagee plaintiff to pay his costs. No express promise is averred. The averment is that the guardian's services were rendered for the benefit of the mortgagee plaintiff, and upon the latter's implied request. But this is a mere conclusion of law, which is not borne out by the facts stated, and which is not admitted by the demurrer. The services were not, in fact, rendered for the benefit of the mortgagee plaintiff, but for the protection of the infant. Any act of one's adversary, whereby the litigation is expedited, may, in one sense, be said to be beneficial; but the interposition of an answer, however prompt, is surely not, in a legal sense, an act done for the benefit of the plaintiff. If the mortgagee plaintiff had been unsuccessful in the foreclosure action, the court could have awarded costs against him in favor of the guardian ad litem, the same as in favor of any other successful defendant. But he cannot well be charged with a defendant's costs, where he was entitled to and has secured his decree, as against that defendant. The court had authority to award, as it did, costs to be paid out of the proceeds of the sale. If these proceeds were insufficient, and the infant had an independent estate, the court could still protect the guardian, in a proper proceeding, by directing payment out of the infant's estate. But there the power of the court ends, and there the guardian's rights end. He cannot look to the successful plaintiff personally. The latter has no contract relation with him, express or implied. As well might the committee of a lunatic, or the representative of a deceased judgment

creditor, claim such contract relation merely because the mortgagee plaintiff, to secure a valid decree, must bring him in.

The averment that the attorney for the mortgagee plaintiff requested the guardian ad litem to serve his answer is of no moment. That was simply a request that the guardian do his duty by the infant, and do it promptly.    It was certainly not a request to perform a service for the plaintiff in the foreclosure action.   ·This suggestion of the appellant exposes the fallacy of his contention; for how can a plaintiff contract with propriety for a service to himself, the foundation of which is a service to his adversary?    And, if he cannot make an express contract, how can one be implied?    The guardian is appointed to protect the infant by defeating the plaintiff, if there be just ground of defense.    He must look into the case to see whether there be such ground of defense.    Of what value would his services be to the infant, were he the hireling of the plaintiff?    Even where he finds no defense, and merely submits the infant's interests to the court, he still must see to it that the plaintiff secures no greater judgment than he is legally entitled to.    A person in such a position cannot reasonably be likened to the referees or others who are called on by the court·to perform independent functions of an official character in the cause, or in the execution of the judgment.    The plaintiff is undoubtedly liable for the fees and charges which are incident to the procedure.    But these necessary expenses of the litigation are entirely different from the statutory costs awarded to parties as between each other, and from the charges of attorneys for their services to their clients.    The services of the guardian ad litem are not analogous to the necessary disbursements incurred in the cause.    They are independent services rendered to the infant for his protection, and not in any just sense rendered to the plaintiff.

The order and interlocutory judgment should not, however, have provided for a dismissal of the complaint, in terms, "upon the merits."    The effect of the judgment should not have been thus adjudicated.    The judgment should have been in the usual form. It should be modified by striking out the words "upon the merits," wherever these words appear therein, and as thus modified affirmed, without costs of this appeal, and with leave to the plaintiff to amend his complaint, if so advised, within 20 days, upon payment of the costs awarded by the special term.    All concur.